## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

VERNON TAYLOR,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

Cv. No. 2:18-cv-02582-JPM-tmp
Cr. No. 2:11-cr-20192-JPM-01

---

**ORDER DENYING & DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

Before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") by Movant, Vernon Taylor, Bureau of Prisons ("BOP") register number 24728-076, an inmate at the Federal Correctional Institution Satellite Camp ("FCI") in Forrest City, Arkansas. (§ 2255 Motion, ECF No. 1) and the Response of the United States. (Response, ECF No. 5.) For the reasons stated below, Movant's § 2255 Motion is **DENIED**

I.      **BACKGROUND**

    A.      **Criminal Case Number 2:11-cr-20192-JPM-1**

On February 22, 2012, a federal grand jury in the Western District of Tennessee returned a second superseding indictment against Taylor, charging him with one count of conspiracy to possess at least one thousand kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 846 (Count One) and one count of using a telephone to facilitate the distribution of a

controlled substance, in violation of 21 U.S.C. § 843(b) (Count Three).  (Indictment, Criminal ("Cr.") Case No. 2:11-cr-20192-JPM-1, Cr. ECF No. 444.)  On August 7, 2012, Taylor pled guilty to Count One pursuant to a written plea agreement in which Taylor agreed that he was responsible for the distribution of at least 3,000 kilograms but less than 10,000 kilograms of marijuana and the United States did not oppose Taylor's receiving the maximum reduction for acceptance of responsibility and agreed to move for dismissal of any remaining counts at sentencing.  (Cr. ECF Nos. 629 & 645.)  Taylor waived his right to appeal "any and all issues related to the case" with the exception of claims of ineffective assistance of counsel and prosecutorial misconduct.  (Cr. ECF No. 645.)

On January 14, 2013, Taylor was sentenced to 180 months in prison on Count One.  (Cr. ECF No. 988.)  Count Three was dismissed on motion of the United States.  (*Id.*)  The Judgment was entered on January 14, 2013 and indicated that Taylor should be permitted to participate in the 500-hour intensive drug rehabilitation program.  (Cr. ECF No. 989.)  Defendant did not appeal.

**B.     Case Number 18-2582-JPM-tmp**

On August 22, 2018, Taylor filed this § 2255 Motion alleging that his sentence was improperly enhanced for possession of a dangerous weapon.  (ECF No. 1.)  The United States has responded that the § 2255 Motion is untimely.  (ECF No. 5 at 4.)

**II.     STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, *inter alia*, at 28 U.S.C. § 2244 *et seq.*) (AEDPA) amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the date his conviction is final.  Because this motion was filed after April

4, 1996, the AEDPA is applicable.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  Paragraph

(f) of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-
>
>> (1)    the date on which the judgment of conviction becomes final;
>>
>> (2)    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review."  *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001).  The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527 (2003).  "As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review."  *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002).

## III.    ANALYSIS

Because Taylor did not take a direct appeal, his judgment of conviction became final on January 28, 2013, fourteen days after the entry of judgment.  *See* Fed. R. App. P. 4(b)(1)(A).

The running of the § 2255 statute of limitations commenced on that date, and it expired one year later, on January 28, 2014.  Taylor did not file this § 2255 Motion until August 22, 2018.

Because the motion is time barred, the Court must determine whether Taylor presents grounds for the application of equitable tolling.  "[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotation marks omitted).  The § 2255 limitations period is subject to equitable tolling.  *Hargrove v. Brigano*, 300 F.3d 717, 719 (6th Cir. 2002).  "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (same); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same).  "The party seeking equitable tolling bears the burden of proving he is entitled to it."  *Robertson*, 624 F.3d at 784.  A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Taylor has not replied to the United States' response and the time for filing a reply has expired.  Taylor has not requested the application of equitable tolling and has not set forth any facts demonstrating that he has pursued his rights diligently or is otherwise entitled to the application of equitable tolling.  Equitable tolling is inappropriate in this case.

## IV.     CONCLUSION

The motion and the record in this case "conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Defendant's conviction and sentence are valid.  His motion is **DENIED**.  Judgment shall be entered for the United States.

## V.     APPELLATE ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. § 2253(c)(2), (3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).  Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

In this case, for the reasons stated, Defendant's claim lacks substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ.  The Court therefore **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED. If Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

**SO ORDERED,** this 9th day of June 2021.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

6